KRISTINA VERSHKOVA ALIKOVNA,

       Petitioner,

v.

OLEG RIABYKH VIKTOROVICH,

       Respondent.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Respondent Oleg Viktorovich Ryabykh's ("Respondent") Motion to Dismiss Petition for Return of Child, ECF No. [10] (the "Motion"), filed on August 26, 2019. The Court ordered Petitioner Kristina Vershkova Alikovna ("Petitioner") to file an expedited response, *see* ECF No. [11], which Petitioner has failed to do. The Court has reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed for lack of subject matter jurisdiction.

## I.      BACKGROUND

Petitioner commenced this case on August 14, 2019 by filing the Petition, ECF No. [1], alleging that Respondent wrongfully removed their nine year-old son from the Russian Federation to the United States. As a result, Petitioner seeks return of her son pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), T.I.A.S. No. 11, 670, 1343 U.N.T.S. 89 (Oct. 25, 1980). In the Motion, Respondent seeks dismissal of the Petition for lack of subject matter jurisdiction.

## II.    LEGAL STANDARD

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms:  a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)). Through this lens, the Court considers the instant Motion.

## III.    DISCUSSION

In the Motion, Respondent mounts a factual attack to subject matter jurisdiction, arguing that Petitioner cannot meet her burden to prove that this Court has subject matter jurisdiction on the basis that the United States and the Russian Federation are not treaty partners under the Convention.

The Convention was adopted "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." *See* Convention Preamble. The primary objectives of the Convention are "to secure the prompt return of children wrongfully removed to or retained in any Contracting State and to ensure that rights of custody and access under the law of one Contracting State are effectively respected in the other Contracting States." *Id.*, Article 1. Therefore, the underlying premise of the Convention is that custody determinations are best made by the courts of the country in which a child is habitually resident, and to prevent international forum-shopping in child custody cases. *See Nunez-Escudero v. Tice-Menley*, 58 F.3d 374, 376 (8th Cir. 1995) (stating that the purpose of the Convention is "to restore the status quo and deter parents from crossing international borders in search of a more sympathetic court."). The Convention is implemented in the United States through the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 *et seq*. According to ICARA, "[t]he courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention." 22 U.S.C. § 9003(a).

Countries may bind themselves to the terms of the Convention by either signing and ratifying the Convention pursuant to Article 37, or by acceding to the Convention pursuant to Article 38. The United States signed the Convention in 1981, and the Convention came into force

in the United States in 1988. *Marks on Behalf of SM v. Hochhauser*, 876 F.3d 416, 422 (2d Cir.

2017). According to Article 38,

> Any other State may accede to the Convention.
>
> [. . .]
>
> The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. Such a declaration will also have to be made by any Member State ratifying, accepting or approving the Convention after an accession. Such declaration shall be deposited at the Ministry of Foreign Affairs of the Kingdom of the Netherlands; this Ministry shall forward, through diplomatic channels, a certified copy to each of the Contracting States.
>
> The Convention will enter into force as between the acceding State and the State that has declared its acceptance of the accession on the first day of the third calendar month after the deposit of the declaration of acceptance.

www.hcch.net/en/instruments/conventions/full-text/?cid=24 (last accessed August 27, 2019).

"Because the Convention functions solely through the designated Central Authorities in

the respective states, and because only contracting parties will have designated such authorities,

the Convention can operate only between two signatory states." *United States v. Amer*, 110 F.3d

873, 881 (2d Cir. 1997) (citing Convention, Arts. 6 & 7); *see also Mezo Elmergawi*, 855 F. Supp

59, 62 (E.D.N.Y. 1994); *Mohsen v. Mohsen*, 715 F. Supp. 1063, 1065 (D. Wyo. 1989). By the

terms of the Convention, the accession has effect only if a Contracting State accepts an acceding

country's accession.

The Russian Federation acceded to the Convention on July 28, 2011; however, the United

States has not accepted that accession. *See* Status Table,

www.hcch.net/en/instruments/conventions/status-table/?cid=24 (last accessed August 27, 2019);

*see also* Acceptances of Accessions, www.hcch.net/en/instruments/conventions/status-

table/acceptances/?mid=1112 (last accessed August 27, 2019). Here, although Petitioner alleges

that the United States and the Russian Federation are parties to the Convention, the allegation alone does not confer subject matter jurisdiction. This is especially true where the United States has not accepted the Russian Federation's accession to the Convention, the weight of authority supports a finding that jurisdiction is lacking in this case, and Petitioner has provided no authority to the contrary.

Accordingly, Petitioner has failed to establish that this Court has subject matter jurisdiction over her claim. *See Taveras v. Taveras*, 397 F. Supp. 2d 908, 911 (S.D. Ohio 2005) ("It is undisputed that the United States and the Dominican Republic have not entered into the negotiations require by Article 38. Consequently, the Convention's administrative and judicial mechanisms are not yet applicable with regard to relations between the two countries."); *see also Gonzalez v. Gutierrez*, 311 F.3d 942, 945 n.2 (9th Cir. 2002), *abrogated on other grounds by Abbott v. Abbott*, 560 U.S. 1 (2010) ("An accession is effective only between the acceding country and those contracting states that have accepted the accession.").

## IV. CONCLUSION

For the foregoing reasons, the Motion, **ECF No. [10]**, is **GRANTED**. The Petition, ECF No. [1], is dismissed for lack of subject matter jurisdiction. Any scheduled hearings are **CANCELED** and all pending deadlines are **TERMINATED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 27, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record